CULVER *v.* PULLMAN *et al.*

(*Supreme Court, General Term, Fifth Department.* January 23, 1891.)

1. USURY—EVIDENCE—MORTGAGES.

In an action to foreclose a mortgage given by defendant to plaintiff to secure the payment of any note which plaintiff might indorse for defendant, where it appears that defendant executed her note for $3,000, with interest, payable to plaintiff's order, which plaintiff indorsed, and that defendant received but $2,700 thereon, evidence by defendant that she made no bargain with plaintiff, but heard a conversation between her agent and plaintiff, in which the former told the latter that he was to "have the three hundred dollars," does not show a usurious contract.

2. SAME—FORECLOSURE—AMOUNT.

Where it appears that plaintiff obtained $3,000 on the note, and paid defendant but $2,700, the mortgage can be foreclosed for the latter amount only.

Action to foreclose a mortgage, by Joseph Z. Culver against Jane M. Pullman and another. From a judgment directing a foreclosure of the mortgage and a sale of the mortgaged premises defendants appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Myron T. Bly,* for appellants.     *Hiram L. Barker,* for respondent.

MACOMBER, J. The mortgage in question was given by the defendant Jane M. Pullman to the plaintiff as security for the payment of any promissory notes which might be indorsed by the plaintiff for her, and to save the plaintiff harmless from loss on account of any liability upon such paper. On the day of the date of the mortgage, namely, April 29, 1889, the defendant Jane M. Pullman made her promissory note at four months in the sum of $3,000, with interest, payable to the order of the plaintiff, and the same was indorsed by the plaintiff, and the money, less the sum of $300, was received by the maker through the Traders' National Bank. It is claimed in behalf of the plaintiff that the Traders' National Bank discounted the note at the request of Mrs. Pullman. The referee has found in the second finding of fact that the note was discounted by this bank for her, and the entire proceeds thereof paid to her order by the bank. In the eighth finding it is found that the check was paid by the bank, but that there is no proof as to the person to whom such payment was made. By the seventh finding it appears that, as a part of this transaction, the plaintiff prepared the check upon this bank to the order of "self or bearer," and the defendant Pullman signed the same. Mrs. Pullman never had other business transactions with this bank, and had no account there other than such as was placed to her credit by the plaintiff; nor did she go to the bank or see any of its officers in this transaction. It is apparent that the instrumentality of the bank was brought into requisition by the plaintiff in order to enable him, without incurring the loss of the principal, to charge more than the legal rate of interest for the money which he, and not the bank, was actually loaning upon the promissory note. But this is wholly unavailing to the plaintiff, provided the fact exists that there was a usurious and corrupt agreement between him and the defendant, the one to pay, and the other to receive, the sum of $300 in addition to the legal rate of interest. The plaintiff must be treated as the real party in interest, both in respect to the mortgage and the note. Being such, the plea of usury is available to the defendant against him; and if he received, under a corrupt and usurious agreement, more than the lawful rate of interest for the loan, his security is invalid under the statute.

The question, therefore, is whether the evidence is sufficient to charge the plaintiff with having entered into a usurious and corrupt agreement with the defendant Pullman to take the sum of $300 over and above lawful interest for this loan. That the sum of $300 was actually withheld from the defendant by the plaintiff, and that the defendant received only $2,700 upon her promissory note, stands conceded in the case. Though the evidence would appear to have been near at hand to show the real character of the transaction, and to stamp it with a taint of usury, yet it was not brought forward. The only evidence upon this subject was given by Mrs. Pullman herself, who, after saying all the business was carried on by her agent, Daveny, says: "I made no bargain with Culver. I had nothing to do with Mr. Culver excepting that I went with Mr. Daveny down to Mr. Culver's office to draw the money which Daveny was getting for me. Mr. Daveny and Mr. Culver had some conversation, in which I took no part.. All of the conversation which I overheard between the plaintiff and Daveny was as follows: Culver looked up at Daveny, and said, ' I am to have the three hundred dollars?' Daveny answered, ' Yes.'" This is the only competent evidence given in behalf of the defense on this subject. It clearly fails to show any usurious or corrupt agreement under the statute, and consequently such evidence was properly overruled by the referee. Daveny, though present at the trial, was not called as a witness. Yet the defendant is not wholly remediless under the facts, even as proven and as found. As has been stated, she received from the plaintiff only $2,700 upon her note of $3,000. The evidence of the bank clerk shows that the sum of $3,000 was drawn upon the check, and, though he

does not know to whom it was paid, it is clear from the circumstances of the case that it all went into Mr. Culver's hands. The sum of $300 still remains in his hands. The transaction, therefore, should be treated solely as one between the plaintiff and the defendant Pullman. From the whole case and findings, it appears, therefore, that under a promised loan of $3,000 the plaintiff has advanced only $2,700, and has withheld the remaining $300. Were he to bring an action upon the note after taking it up, his measure of damages would be the amount which he paid, which would be $2,700. The amount for which this security may be foreclosed is the same, as between these parties. The judgment, consequently, should be modified by deducting from the amount of the recovery the sum of $300, with interest from the date of the mortgage, and, as so modified, affirmed, without costs of this appeal to either party. All concur.